OPINION
{¶ 1} John B. Carter was found guilty of vandalism by a jury in the Darke County Court of Common Pleas. He was sentenced to eight months of incarceration and ordered to pay restitution in the amount of $2,102.42, plus costs. Carter appeals from his conviction only with respect to the sentence he received.
 {¶ 2} The facts and procedural history of the case are as follows. On November 3, 2001, Carter was arrested for domestic violence. The vandalism charge arose after his arrest when he kicked out the rear windows of the police cruiser in which he was being transported. The domestic violence charge was a misdemeanor, and the vandalism charge was a felony. Carter remained in jail from November 3, 2001, until February 11, 2002, when he pled guilty to the domestic violence charge in the Darke County Court and was sentenced to ninety days in jail. In serving this sentence, Carter was given credit for the time he had served while awaiting disposition of his case. On February 19, 2002, Carter was convicted of vandalism in the Darke County Court of Common Pleas and was sentenced to eight months of incarceration. He was also ordered to pay restitution in the amount of $2,102.42 for damage to the police cruiser, plus costs. By the time the sentence was imposed for vandalism, Carter had served the full sentence on the domestic violence offense. The trial court gave Carter jail time credit for the time served since the end of his misdemeanor sentence, but it did not give him credit for the time served for the misdemeanor itself.
 {¶ 3} Carter raises three assignments of error on appeal. We will address the first two assignments of error together.
 {¶ 4} "I. THE COURT'S DECISION TO BEGIN APPELLANT'S SENTENCE OF INCARCERATION AT THE COMPLETION OF THE SENTENCE IMPOSED ON THE UNDERLYING MISDEMEANOR OFFENSE IS CONTRARY TO OHIO REVISED CODE SECTION 2929.41(A) AND IS REV[ER]SIBLE ERROR.
 {¶ 5} "II. THE TRIAL COURT COMMITTED ERROR BY NOT AWARDING CREDIT FOR TIME SERVED TO APPELLANT ON HIS SENTENCE FOR THE TIME APPELLANT SPENT INCARCERATED FOLLOWING HIS ARREST WHILE AWAITING TRIAL CONTRARY TO OHIO REVISED CODE SECTION 2967.191."
 {¶ 6} Under these assignments of error, Carter claims that the trial court erred in failing to order that he serve his felony and misdemeanor sentences concurrently. In the alternative, he claims that he should have received credit for the time served on the domestic violence misdemeanor when he was sentenced for the felony of vandalism.
 {¶ 7} Carter relies on R.C. 2929.41(A), which provides that, subject to certain exceptions that are inapplicable to this case, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States, and that a sentence of imprisonment for a misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for a felony.
 {¶ 8} In our view, a sentence can be served concurrently with another sentence only if both sentences are imposed at the same time or if the defendant is still in the process of serving one sentence when an additional sentence is imposed. It is simply not possible to serve sentences concurrently when one sentence has been served in its entirety before the other sentence is imposed. As such, we will focus on Carter's argument that he should have received jail time credit for the time served on the domestic violence conviction when the sentence for vandalism was imposed.
 {¶ 9} Carter claims that the domestic violence and vandalism were the result of the same incident, but this fact is not borne out by the record. The police had sought Carter out because of a complaint of domestic violence, but the officers did not witness any domestic violence. Rather, they found Carter in an apartment with some friends. Carter was very argumentative when the officers arrested him and had to be forced into the police cruiser. Shortly thereafter, while the cruiser was in motion, Carter began to kick out the rear windows and door frames. This incident was unrelated to the domestic violence for which Carter had been arrested. Moreover, the charges against Carter were handled in different courts. The misdemeanor charge was disposed of and the sentence served before Carter went to trial on the felony charge. These matters were not the same case, and there is no basis for us to conclude that Carter was entitled to credit for the time served on the misdemeanor toward his felony conviction. R.C. 2929.41(A) does not provide for jail time credit; it only provides for concurrent sentencing, prospectively.
 {¶ 10} Further, Carter claims that the time he spent in jail awaiting sentencing on his domestic violence charge was also spent waiting to be brought to trial on the vandalism charge and that he therefore should have received credit for that time against his vandalism sentence. Carter was given credit by the county court for the time he spent in jail from November 3, 2001 through February 1, 2002, however, in serving his misdemeanor sentence. The court of common pleas was not also required to give him credit for that time against his felony sentence. Carter served the ninety day sentence as of the end of February 1. Therefore, he remained in the county jail solely on the felony vandalism charge. The trial court was thus required to give Carter seventeen days jail credit against the vandalism sentence, which it did. We are mindful of the fact that Carter received a harsher sentence, in total, because of the fact that the misdemeanor and felony charges were brought in different courts on separate timelines than he would have if they had been tried together. However, the Revised Code did not require the trial court to give Carter the full benefit of the sentencing he might have received if the cases had been processed differently.
 {¶ 11} Carter's first and second assignments of error are overruled.
 {¶ 12} "III. THE TRIAL COURT COMMITTED ERROR IN ITS SENTENCING DECISION TO IMPOSE RESTITUTION UPON APPELLANT WITHOUT SETTING THE AMOUNT OF RESTITUTION AS REQUIRED BY OHIO REVISED CODE SECTION 2929.18(A)(1)."
 {¶ 13} Under this assignment of error, Carter claims that the trial court erred in failing to indicate to whom he was required to pay restitution and in failing to set the amount owed for "costs of supervision, confinement, and prosecution."
 {¶ 14} Although we believe that the court probably intended for restitution for the damage to the police cruiser to be paid through the adult probation department as provided in R.C. 2929.18(A)(1), it did not so specify in its order. The court also did not fix an amount for costs payable by Carter as part of his restitution. Neither of these omissions amounts to plain error requiring reversal of the trial court's judgment, but we do agree with Carter that clarification of these issues by the trial court is in order. As such, we will remand this matter for clarification of the entity through which Carter is required to pay restitution and the amount of costs for which he will be held accountable.
 {¶ 15} The third assignment of error is sustained.
 {¶ 16} The judgment of the trial court will be affirmed as to the prison sentence. The matter will be remanded to the trial court for clarification of the terms of restitution.
FAIN, J. and YOUNG, J., concur.